UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                              Plaintiff,

v.                                                                   Civil Action No. 3:16-cv-503-DJH-CHL

LATRINA N. HARGROVE, et al.,                                                        Defendants.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

The United States filed suit against Defendants Latrina Hargrove, Advantage Tax & Business Services LLC, and TNH Tax Services LLC, alleging that Hargrove and her companies submitted fraudulent tax returns to the Internal Revenue Service (IRS). (Docket No. 1) Hargove has filed a motion to dismiss for lack of jurisdiction and improper venue or, in the alternative, transfer this case to the Western District of North Carolina. (D.N. 10)

**I.**

The burden is on the United States to demonstrate that personal jurisdiction exists as to Latrina Hargrove. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To make this showing, a plaintiff "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts" demonstrating the Court's jurisdiction. *Id.* When presented with a motion to dismiss for lack of personal jurisdiction, the Court has three options: (1) "decide the motion upon the affidavits alone," (2) "permit discovery in aid of deciding the motion," or (3) "conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* (citing *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989)).

1

Neither party has requested jurisdictional discovery in this case. Nor does the Court find that there are factual disputes necessitating an evidentiary hearing. Consequently, the government's burden is relatively light: "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* The Court must view the pleadings and affidavits in the light most favorable to the United States, without "weigh[ing] the controverting assertions" of the defendants. *Id.* at 1459. Dismissal is proper only "if all of the specific facts . . . alleged" by the United States "collectively fail[ ] to state a prima facie case for jurisdiction." *Id.*

"Federal Rule of Civil Procedure 4(k)(1)(A) states that personal jurisdiction exists over any properly-served defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 739 (6th Cir. 2003) (quoting Fed. R. Civ. P. 4(k)(1)(A)). In Kentucky, the Court must first look to Kentucky's long-arm statute to determine whether "the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars Riverboat Casino, LLC v. Beach,* 336 S.W.3d 51, 57 (Ky. 2011). If the statute is applicable, the Court must then apply the traditional test "to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights." *Id.*

### A.

Kentucky's long-arm statute provides, in relevant part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

      1. Transacting any business in this Commonwealth; [or]

      2. Contracting to supply services or goods in this Commonwealth[.]

Ky. Rev. Stat. § 454.210(2)(a).

    In its response to Hargrove's motion to dismiss, the United States asserts that the Court may exercise personal jurisdiction over Hargrove under either of the above subsections of the long-arm statute. (D.N. 12, PageID # 148) The United States states that Hargrove prepared tax returns for clients located "in and around the Louisville, Kentucky metropolitan area." (*Id*. at 149 (citing Decl. of Revenue Agent Pamela Ciccottelli, D.N. 7-2, PageID # 92)) Therefore, "as a tax return preparer, she is conducting business within the forum state and has contracted to provide tax preparation services within the Commonwealth of Kentucky." (*Id*.)

    Additionally, the government states that Hargrove incorporated her business, "Advantage Tax & Business Services [LLC]" in Kentucky. (*Id*. (citing Decl. of Nicole Williams, D.N. 12-2, PageID # 163–64)) Hargrove allegedly listed the company's address as "652 South 40th Street, Louisville, KY 40211." (*Id*.) Therefore, the United States asserts that Hargrove was present in Kentucky "as the agent for her tax preparation business," hired employees for the business from the Western District of Kentucky, and "prepared fraudulent tax returns within this district." (*Id*.)

    Based on these assertions, the Court finds that the United States has met its burden of showing that this case "arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars,* 336 S.W.3d at 57.

**B.**

    Because the Kentucky's long-arm statute applies, the Court must next determine "if exercising personal jurisdiction over the non-resident defendant offends [her] federal due

process rights." *Id.* To make a prima facie showing of due process, the United States must "establish with reasonable particularity sufficient 'minimum contacts' with [Kentucky] so that the exercise of jurisdiction over [Hargrove] would not offend 'traditional notions of fair play and substantial justice.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

According to the Sixth Circuit, specific jurisdiction over Hargrove exists only if her contacts with Kentucky satisfy the following three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721–24 (6th Cir. 2000); *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

For the reasons stated above with respect to the state's long-arm statute, the United States asserts that Hargrove "has conducted business within this district and has purposefully availed herself of the Court's jurisdiction by targeting clients within this district." (D.N. 12, PageID # 147) Next, the government argues that it is seeking to prevent Hargrove from "filing false and fraudulent tax returns like the ones she filed for clients located within this district." (*Id.* at 150) Therefore, the United States argues that its claims arise from Hargrove's activities in the district. (*Id.*) Finally, the United States argues that it is reasonable for this Court to exercise jurisdiction over Hargrove.

To determine whether exercising jurisdiction is reasonable, the Court "must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987). The government states that it will attempt to mitigate the burden on Hargrove by allowing her to appear by telephone when possible. (*Id.*) The government next asserts that the "Commonwealth of Kentucky has a strong interest in ensuring that Hargrove's customers who live in this judicial district, and who utilized Hargrove's services, are not further victimized by her activities in deliberately understating their federal tax liabilities." (*Id.* at 151) Third, the United States provides that if the Court does not exercise jurisdiction over Hargrove, it "will be forced to litigate a case in North Carolina when the bulk of the harm resulting from that case, as well as nearly all of the witnesses in that case, are present in Louisville, Kentucky." (*Id.*)

Viewing the pleadings and affidavits in the light most favorable to the United States, the Court finds that the government has met its burden of showing that Hargrove has sufficient minimum contacts with Kentucky such that the exercise of jurisdiction over her would not offend "traditional notions of fair play and substantial justice." *Neogen*, 282 F.3d at 889. Therefore, because the two-part test for personal jurisdiction has been met, the Court has personal jurisdiction over Hargrove. *See Caesars,* 336 S.W.3d at 57.

## II.

Hargrove next argues that the Western District of Kentucky is an improper venue for the suit. The United States alleges, in relevant part, that Hargrove violated 26 U.S.C. § 7407 when she filed fraudulent tax returns with the IRS. Section 7407 provides that "[a]ny action under this section shall be brought in the District Court of the United States for the district in

which the tax preparer resides or has [her] principal place of business or in which the taxpayer with respect to whose tax return the action is brought resides." 26 U.S.C. § 7407(a). While there is no dispute that Hargrove currently resides and has her principal place of business in North Carolina, the government asserts that "the taxpayers for whom Hargrove prepared returns are located in" the Western District of Kentucky. (D.N. 12, PageID # 152 (citing Decl. Ciccottelli, D.N. 7-2, PageID # 92))

Additionally, 28 U.S.C. § 1391 provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The United States provides that Hargrove prepared tax returns "for numerous clients located in and around Louisville, Kentucky." (D.N. 12, PageID # 152 (citing Decl. Ciccottelli, D.N. 7-2, PageID # 92)) The government also points to many of the same facts provided above, such as the incorporation of Advantage Tax & Business Services, LLC in Kentucky and details of the investigation that show correspondence between Hargrove and clients in Louisville, Kentucky. (*Id.*)

Because affected taxpayers reside in and around Louisville, Kentucky and a substantial part of the events occurred in the district, the Court concludes that the venue is proper.

### III.

Finally, Hargrove argues that the Court should transfer the case to the Western District of North Carolina any alleged misconduct occurred in North Carolina, where she worked and resided. (D.N. 10, PageID # 131) The United States contends that the case should remain in the Western District of Kentucky because transferring it "would cause further undue hardship

to the taxpayers that have borne the burden of Hargrove's false and fraudulent filings, and would not promote the convenience of parties or witnesses, or the interests of justice." (D.N. 12, PageID # 154)

The threshold question before transferring a case is always whether the action "might have been brought" in the potential transferee venue. 28 U.S.C. § 1404(a). Then a potential transferor court must "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rahm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citation omitted). In addressing these considerations, the Court examines: "(1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) systematic integrity and fairness; and (6) plaintiff's choice of forum." *Hilbert v. Lincoln Nat. Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *1 (W.D. Ky. Mar. 9, 2015). The burden is on the moving party to demonstrate that the balance of the factors weighs in favor of transfer. *Adams v. Honda Motor Co., Ltd.*, No. 3:05-cv-120-S, 2005 WL 3236790, at *1 (W.D. Ky. Nov. 21, 2005) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3848 (1986)).

Here, the first factor weighs against transfer. The United States asserts that "a substantial number of taxpayers for whom Hargrove prepared returns are located within this district." (D.N. 12, PageID #156 (citing Decl. Ciccottelli, D.N. 7-2, PageID # 92)). Additionally, the government provides that it plans to call taxpayers that reside in this district as witnesses at trial. (*Id.*) Therefore, the witnesses are located in the Western District of Kentucky.

7

The second factor weighs in favor of transfer. Hargrove states that she is a single mother raising three children who are enrolled in public schools in North Carolina and traveling to the Western District of Kentucky would be difficult for her. (D.N. 5-1, PageID # 52) The United States states that while the IRS's investigation was primarily "conducted in and around Louisville, Kentucky," its attorneys from Washington, D.C. "will travel to any venue in which this case is located." (D.N. 12, PageID # 155)

The third and fourth factors weigh against transferring the case. The United States asserts that the tax returns at issue in this case are mostly stored on IRS databases located throughout the country and transferring the case would not affect access to these documents. (D.N. 12, PageID # 157) Instead, the government's primary concern is location of witnesses. The United States provides that "compulsory process will not be available to compel the attendance of witnesses" if the case is transferred to the Western District of North Carolina. (*Id*.) Therefore, the government argues that its ability to present live testimony could be negatively impacted. (*Id*.) Additionally, taxpayer-witnesses living in and around Louisville could possess documents that are relevant to this case. (*Id.*) Even if witnesses agree to travel to the Western District of North Carolina, the government argues that the travel expenses for these witnesses "greatly outweigh" the cost of Hargrove traveling to Louisville, Kentucky. (*Id.*) Finally, as explained above, the government maintains that a substantial part of the events that give rise to this case occurred in the Western District of Kentucky. (*Id*., PageID # 152)

The fifth factor is a close call. On the one hand, Hargrove is a single mother who could face great hardship by having to litigate the case in Kentucky. (D.N. 5-1, PageID # 52) On the other hand, the United States alleges that Hargrove deliberately filed fraudulent tax

returns on behalf of clients in the Western District of Kentucky. (D.N. 12, PageID # 158) The United States argues that it would be unfair to force the taxpayers, who have allegedly been harmed by Hargrove, to bear the burden of traveling to the Western District of North Carolina "to see that justice is done." (*Id.*)

The final factor weighs against transfer because the United States chose to file this case in the Western District of Kentucky, and "[u]sually, a plaintiff's choice receives deference." *Hilbert*, 2015 WL 1034058, at *2. The Court agrees that the burden on witnesses and alleged victims in this district would be significant. After considering the above factors, the Court declines to transfer this case to the Western District of North Carolina.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant's motion to dismiss, or alternatively, transfer venue (D.N. 10) is **DENIED**.

January 30, 2017

**David J. Hale, Judge**
**United States District Court**