UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                    Plaintiff,

v.                                                        Civil Action No. 3:16-cv-503-DJH-CHL

LATRINA N. HARGROVE, et al.                                               Defendants.

* * * * *

**ORDER**

The United States of America has filed a motion for a preliminary injunction enjoining Defendants Latrina Hargrove, Advantage Tax & Business Services, LLC, and TNH Tax Services LLC "from acting as tax return preparers during the pendency of" this action. (Docket No. 7) The case was referred to Magistrate Judge Colin H. Lindsay for a report and recommendation. Judge Lindsay issued his Findings of Fact, Conclusions of Law, and Recommendation on February 28, 2017, recommending that the Court grant the United States' motion for preliminary injunction against all Defendants. (D.N. 23) The time for objections to the magistrate judge's recommendation has now run, with no objections filed. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Because no party has objected to the Findings of Fact, Conclusions of Law, and Recommendation, the Court may adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has conducted its own review of the record and finds no error in the magistrate judge's conclusions. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1

(1)    The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 23) are **ADOPTED** in full and **INCORPORATED** by reference herein.

(2)    The United States' motion for a preliminary injunction (D.N. 7) is **GRANTED**.

(3)    The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

(4)    Hargrove is **PRELIMINARILY ENJOINED** under §§ 7402 and 7407 from:

(a)    Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than herself;

(b)    Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return or other related documents or forms;

(c)    Representing or appearing on behalf of any person before the Internal Revenue Service;

(d)    Engaging in any activity subject to penalty under 26 U.S.C. § 6694, including, but not limited to, preparing tax returns that claim fraudulent expenses for noncash charitable contributions, false head of household filing status, false business expenses, and manipulating earned income tax credit.

(5)    Hargrove and her representatives, agents, employees, attorneys, independent contractors, and any and all persons in active concert or participation with them who receive actual notice of this Order for Preliminary Injunction, are **PRELIMINARILY ENJOINED** under §§ 7402 and 7408 from:

(a)	Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;

(b)	Engaging in any activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a federal tax return, amended return, refund claim, or any other document relating to a matter material under the internal revenue laws that includes a position that Hargrove knows will, if used, result in the understatement of federal tax liability;

(c)	Engaging in any other conduct subject to penalty under the Internal Revenue Code; and

(d)	Misrepresenting any of the terms of this Order.

(6)	Hargrove shall contact, within **thirty (30) days** after the entry of the preliminary injunction, by United States mail, and, if any email address is known, by email, all persons for whom she, TNH, or Advantage prepared or assisted in preparing federal tax returns from 2011 to the present, to inform them of the preliminary injunction. This order applies equally to persons with whom any of the Defendants have contracted for tax return preparation for tax year 2016.

(7)	The Court shall retain jurisdiction over this civil action to enforce Hargrove's compliance with the terms of the preliminary injunction.

(8)	This preliminary injunction shall take effect as of this date and shall run until a final judgment is entered in this matter.

April 7, 2017

**David J. Hale, Judge**
**United States District Court**

3